820 F.2d 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry K. HOWARD, Individually and as Personal Representative
of the Estate of Phillip Brian Howard, Deceased;
June Ellen Howard and Jeffrey Keith
Howard, Plaintiffs-Appellees,
v.
Dr. John DOE; et al., Defendants,
Dr. Ismail B. Sendi (86-1279), Dr. Yogeschandra Shukla and
Charles Sonnenfield (86-1280), Defendants-Appellants.
 Nos. 86-1279, 86-1280.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 NORRIS, Circuit Judge.
 
 
 1
 This appeal is from an order denying motions for summary judgment filed by two medical doctors and a psychiatric social worker, who plaintiffs alleged were responsible for discharging from a state mental hospital a dangerous patient who killed plaintiffs' decedent. The district court's order rejected defendants' contentions that plaintiffs had failed to state a claim under 42 U.S.C. Sec. 1983, and that defendants were entitled to qualified immunity.
 
 
 2
 Plaintiffs' decedent and the former mental patient, Michael Harless, were fellow high school students. Prior to the killing, Harless had been a patient in a state psychiatric center where, according to plaintiffs, defendants became aware of his history of violent behavior and that he had threatened to kill relatives and had threatened high school students. Plaintiffs alleged that, in spite of this knowledge, defendants released Harless as an "experiment" to see how he would "interact" in society.
 
 
 3
 The first inquiry in any suit brought under 42 U.S.C. Sec. 1983 is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979). There is, then, no need for us to reach the question of immunity if it be determined that plaintiffs were not deprived of such a right since, in such an event, they will have failed to state an actionable claim under Sec. 1983. Martinez v. California, 444 U.S. 277, 284 (1980).
 
 
 4
 We recently considered an appeal involving essentially the same circumstances as are presented by this appeal. We there determined that, because the state of Michigan has no federal constitutional duty to protect the public from convicted criminals, the victim of an assault by a convict sentenced to a half-way house could not state a claim under Sec. 1983. Carlson v. Conklin, 813 F.2d 769, 772 (1987). Although this appeal involves an attack by a discharged mental patient, the principles underlying our decision in Carlson are equally applicable to the circumstances before us and, accordingly, we reverse the order of the district court for the reasons stated in the Carlson opinion.
 
 
 5
 Because the complaint fails to allege that defendants deprived plaintiffs' decedent of a right secured by the Constitution and laws of the United States, the district court erred in overruling defendants' motions for summary judgment. The order of the district court is reversed, and this cause is remanded with instructions to dismiss the complaint against the appealing defendants.